**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-41868-MSH |
| KESNEL MOISE AND BIANCA MOISE | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE TRUSTEE'S
OBJECTION TO EXEMPTION**

David M. Nickless, the chapter 7 trustee in this case, has objected to the exemption claimed by the debtors, Kesnel Moise and Bianca Moise (also known as Bianca Adrien), in a certain savings account at Citizens Bank. The basis for the trustee's objection is that the account was a trust account for the benefit of the debtors' son and that all or substantially all the funds in the account were deposited within four years of the bankruptcy filing when the debtors were insolvent. According to the trustee, the transfers by the debtors into the account are avoidable by him and upon his recovering the funds in the account the debtors will be barred from exempting the funds by § 522(g) of the Bankruptcy Code, 11 U.S.C. § 522(g). The parties filed a joint pretrial memorandum which included a statement of agreed-upon facts and after an evidentiary hearing at which both debtors testified I took the matter under advisement. My findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 are as follows.

In schedule B (personal property) to their bankruptcy petition the Moises listed six bank accounts at Citizens Bank, including an account identified as "Savings Account in Debtor's [sic] Possession – in trust for Children." This account refers to a Citizens Bank account denominated "Kesnel Moise Bianca Adrien Trustees for Kaleb Joseph Adrien" (the "Savings Account").

1

Kaleb Joseph Adrien is the debtors' son. The Savings Account was originally opened in 2004. No independent trust documents or agreements setting forth the terms of any trust established by the Moises for their son were introduced into evidence or alleged to exist by any party. The debtors scheduled the Savings Account's value as $11,272.13, the balance in the account at or near the date of their bankruptcy petition. On Schedule C to their petition, the debtors claimed each of their bank accounts, including the Savings Account, to the extent of its full value, exempt pursuant to § 522(d)(5) of the Bankruptcy Code.[1]

In the year prior to their bankruptcy, one or both of the debtors voluntarily transferred a total of $14,540 into the Savings Account. Some of the money transferred into the account came from the debtors' other accounts at Citizens Bank. At various times during the year prior to their bankruptcy the Moises withdrew funds from the Savings Account totaling $4400. Except for the accrual of interest, there were no other transactions involving the Savings Account during the year prior to the bankruptcy petition date.

The trustee objected to the debtors' claimed exemption in the Savings Account asserting that because the debtors voluntarily transferred all or substantially all of the funds into the Savings Account during the four years prior to filing bankruptcy when they were insolvent, he could recover the funds for the bankruptcy estate by deploying his arsenal of avoidance powers stockpiled in chapter 5 of the Bankruptcy Code and the debtors would be ineligible to exempt such funds due to the application of Bankruptcy Code § 522(g), which provides in relevant part:

---

[1] In response to question 14 of their statement of financial affairs accompanying their bankruptcy petition, the Moises disclosed that they held two Wells Fargo accounts in trust for their minor children. Account statements for these accounts identified as "Collegebound Fund" accounts were admitted into evidence. The debtors did not schedule these accounts as assets on schedule B to their petition and the trustee has not challenged the debtors' characterization.

2

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if--
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property….

The debtors responded in their papers and by their testimony that at all times since the Savings Account was opened they believed the account was a "family savings account" and that they could and did deposit and withdraw funds at will for their own benefit and use. Mr. Moise testified that the account was designated as a trust account for his son because that was how a bank employee prepared the paperwork. The debtors assert that they properly listed the Savings Account on schedule B to their bankruptcy petition as their asset and so they are not relying on § 522(g) as the basis for their seeking to exempt it.

The foregoing facts establish without question that the Savings Account is a classic "Totten"[2] or savings account trust whereby a depositor/trustee establishes a savings account for the benefit of a third party as beneficiary, retaining the right to make deposits and withdrawals during the depositor/trustee's lifetime, and agreeing that upon the depositor/trustee's death all funds in the account become payable to the beneficiary.

Mass. Gen. Laws ch 167D § 6, which governs deposits held in trust for others, recognizes such savings account trusts and authorizes the depository bank to pay the account proceeds to the beneficiary upon the death of the trustee. The Massachusetts Appeals Court, in *Bongaards v.*

---

[2] The name refers to a leading New York case, *In re Totten*, 179 N.Y. 112, 71 N.E. 748 (1904).

3

*Millen*, 55 Mass. App. Ct. 51, 60, 768 N.E.2d 1107, 1114 (2002), ) *aff'd on other grounds* 440 Mass. 10, 793 N.E.2d 335 (2003)*,* characterized the statute as one:

> which essentially shields the bank from liability for payment of the account to the trust beneficiary following the death of the trustee but which also may be read as permitting withdrawal of part or all of the account by the trustee.

In examining the nature of these accounts the Appeals Court noted:

> A savings bank trust is revocable by the depositor at any time during his life . . . if the depositor changes the form of the account, withdraws the money on deposit, or makes a will leaving the account to someone other than the trust beneficiary . . . .

(Internal citations omitted).

In terms of trust law, therefore, the essential feature of savings account trusts is its revocability. In *Martucci v. US*, 1986 WL 5351, at *2 (D. Mass. March 26, 1986), Judge Keeton held that a savings account trust was the property of the depositor and subject to levy by the IRS for her outstanding tax obligations. Relying on SCOTT ON TRUSTS, he observed:

> Absent any written trust agreement to the contrary, a savings account trust such as those created by Mrs. Martucci is revocable by the settlor, and is therefore reachable by the settlor as well as by the creditors of the settlor during the settlor's lifetime.

*See also Bongaards*, 55 Mass. App. Ct at 60, 768 N.E.2d 1114.

Applying the principles just enunciated to the Savings Account leads to the conclusion that when the Moises filed their bankruptcy petition the Savings Account became an asset of their bankruptcy estate. There would have been no need for the chapter 7 trustee to bring an avoidance action to recover the funds in the Savings Account, he could have instructed the Moises to withdraw all the funds in the account and turn them over to him. Except of course, he could not compel turnover if the Moises were entitled to claim the Savings Account as exempt.

The facts in this case are almost identical to the ones confronting Judge Deasy in *In re Arsenault*, 318 B.R. 616 (Bankr. D.N.H. 2004), where the court held that a debtor's depositing in excess of $144,000 into a savings account trust for his son a month prior to his bankruptcy filing was not a transfer avoidable by his trustee because the debtor had "unfettered dominion and control" over the account prior to and on the bankruptcy petition date and thus the account became property of his estate. Like the chapter 7 trustee here, the trustee in Arsenault had objected to the debtor's claim of exemption in the savings account based on an anticipatory avoidance action to recover the account and invoking § 522(g) to disqualify the debtor's exemption. Applying the recognized principles of trust law to the debtor's savings account, the court in Arsenault overruled the trustee's objection because the account was property of the bankruptcy estate and there was no transfer for the trustee to avoid.

In this case, under Massachusetts law the Savings Account was always property of the Moises, reachable by their creditors. *Martucci*, 1986 WL 5351, at *2. When they filed bankruptcy the Savings Account became property of their bankruptcy estate. The transfer of funds by the Moises into the Savings Account prior to their bankruptcy petition date amounted to nothing more than moving their own money from one pocket to another. There was no transfer for the trustee to avoid. The Moises properly scheduled the Savings Account as an asset and properly exempted it. The trustee's objection is, therefore, overruled.

A separate order will issue.

Dated: January 17, 2012

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

5